**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Securian Life Insurance Company,<br>Plaintiff,<br>v.<br>Suzanne Marie Lambertson Wheeler, et al.,<br>Defendants. | No. CV-26-04381-PHX-KML<br>**ORDER** |

Securian Life Insurance Company filed this interpleader action based on competing claims to a $96,000 life insurance benefit. (Doc. 1 at 1.) Securian named as defendants Suzanne Marie Lambertson Wheeler and Anne Marie Henze Morgan. Shortly after the complaint was filed, the court issued its standard preliminary order. (Doc. 6.) That order included specific procedures if a party wished to use generative artificial intelligence. (Doc. 6 at 2-3.)

On July 20, 2026, Wheeler filed an answer and asserted a crossclaim against Morgan. The crossclaim appears to be duplicative of the general interpleader action as it seeks declaratory judgment that Wheeler, not Morgan, is entitled to the life insurance benefit. (Doc. 9 at 5-6.) The court then issued an order requiring the parties confer, prepare, and file a joint case management plan. (Doc. 11.)

On August 6, 2026, the court received in the mail what appeared to be a motion from Morgan. The motion was mailed directly to chambers, which is not a proper method for filing documents. The motion seeks to “VACATE the Interpleader Order entered on

July 8, 2026 and COMPEL Securian . . . to produce a certified copy of the subject life insurance policy and the complete claim file." (Doc. 12 at 1.) The only document entered on the docket on July 8, 2026, was a proof of service indicating Morgan waived formal service of the summons and complaint. (Doc. 8.) That is not an "Interpleader Order," so it is not clear what Morgan's motion is seeking to vacate. As for her request that Securian be compelled to produce the insurance policy and claim file, that motion is both premature as discovery likely has not yet begun and substantively improper because the court does not allow parties to file discovery motions. The motion is denied in full.

On August 10, 2026, the court received additional documents from Morgan, again improperly mailed directly to chambers. Those documents, some of which were inexplicably sent multiple times, purport to be a subpoena and notice of Morgan's intent to issue two other subpoenas. Morgan included a variety of unexplained documents attached to each subpoena, including court records from Michigan. Morgan also included documents indicating she is using artificial intelligence to draft her filings. Based on Morgan's artificial intelligence prompts, it appears she is improperly attempting to obtain subpoenas through this court related to estate administration.

Because Morgan is proceeding pro se, the court has an obligation to construe her filings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). But Morgan "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). This means Morgan must file documents in the correct manner. She must not file repetitive documents. The court filed the documents it received on August 6 and it will file the documents it received on August 10, 2026, but any future documents sent directly to chambers will be discarded without filing. In addition, if Morgan wishes to use artificial intelligence, she must comply with the procedures set out in the June 24, 2026, order. Failure to do so may result in sanctions, including the entry of judgment against her.

Morgan's proposed subpoenas indicate she is attempting to use the present case to litigate matters not directly related to proper ownership of the life insurance proceeds. The

purpose of this interpleader suit "is for the stakeholder to protect itself against the problems posed by multiple claimants to a single fund." *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) (simplified). In other words, the insurance company brought this case so the court can determine the proper recipient of the life insurance proceeds. The disputed life insurance proceeds represent "the outer limits of the controversy." *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 534 (1967). Morgan cannot use this case to resolve unrelated disputes related to estate administration. *Id.* at 535. Discovery is only appropriate if it is seeking information "relevant to any party's claim or defense." *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (simplified). Morgan's planned subpoenas do not seek information relevant to the claims or defenses in this suit, so they are improper. Insofar as Morgan may have been asking the court to issue such subpoenas, her request is denied. *See* D. Ariz. General Order 18-19.

Finally, Morgan must research the law and the court's procedures before filing any documents, especially motions. Morgan's motion filed on August 6, 2026, sought to vacate a non-existent "Interpleader Order." That motion also requested an order compelling the production of documents. It cited Arizona rules of procedure instead of the rules applicable in this court, and the court's procedures do not allow for discovery motions, such as motions to compel. Morgan is explicitly warned that filing baseless motions or pleadings that violate the court's procedures can result in sanctions against the filer. Fed. R. Civ. P. 11.

The court will not issue additional warnings. If Morgan wishes to participate in this case, she must take much more care in preparing and filing her documents. Morgan also must participate in preparing and filing the case management report required by the court's July 31, 2026, order.

**IT IS ORDERED** the Motion to Compel and Vacate (Doc. 12) is **DENIED**.

/
/

**IT IS FURTHER ORDERED** the Clerk of Court shall docket the documents received on August 10, 2026, as a single “Notice” received from defendant Anne Marie Henze Morgan. The documents should not be docketed as pending motions.

Dated this 19th day of August, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**