WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Securian Life Insurance Company,

Plaintiff,

v.

Suzanne Marie Lambertson Wheeler, et al.,

Defendants.

No. CV-26-04381-PHX-KML

**ORDER**

Plaintiff Securian Life Insurance Company filed a motion to deposit funds and be dismissed. (Doc. 27.) Defendant Suzanne Marie Lambertson Wheeler filed a motion for more definite statement. (Doc. 28.) Both motions are granted.

**I. Securian's Motion to Deposit Funds**

Securian seeks to deposit the life insurance proceeds at issue and be dismissed. Wheeler filed a response stating she does not oppose Securian's request except to the extent Securian seeks "overbroad injunctive and discharge language" that would bar claims beyond what is appropriate in an interpleader action. (Doc. 29 at 2.) Defendant Anne Marie Henze Morgan did not respond to Securian's motion.

Securian's reply states it has "no objection to . . . modifying the proposed order to omit the language to which Ms. Wheeler objects." (Doc. 30 at 1.) Because Securian and Wheeler now agree on the appropriate language and Morgan did not file a response, the motion is granted. Wheeler also requests the court order the non-prevailing party between Wheeler and Morgan "reimburse the prevailing party for the amount of Securian's fees and

costs." (Doc. 29 at 3.) Wheeler may renew this request once final judgment is entered.

**II. Wheeler's Motion for More Definite Statement**

Wheeler filed a motion for more definite statement regarding the crossclaims asserted by Morgan. (Doc. 28.) Wheeler argues Morgan has not "present[ed] coherent, separately stated claims that Wheeler can reasonably answer." (Doc. 28 at 2.) According to Wheeler, the crossclaims do not "clearly identify who is asserting each claim, which claims are asserted against Wheeler, the material conduct underlying each claim, or the relief sought on each claim." (Doc. 28 at 2.) The deadline for Morgan to respond to that motion expired without her filing anything.

Pursuant to Local Rule 7.2(i), Morgan's failure to file an opposition allows the court to summarily grant the motion. The court grants the motion on that basis. But even on the merits, Morgan's crossclaims are vague and confusing.

Rule 12(e) allows a party to "move for a more definite statement of a pleading" if the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." "This rule is intended to strike at unintelligibility rather than want of detail." *Saliba v. Fed. Aviation Adm'r*, 348 F.R.D. 351, 353 (D. Ariz. 2025) (simplified). Morgan's crossclaims qualify as unintelligible.

Morgan appears to allege claims for "financial exploitation of a vulnerable adult," "fraudulent impersonation and identity theft," and "constructive trust." (Doc. 18 at 3-4.) It is not clear which of these claims Morgan wishes to assert against Wheeler and whether Morgan is suing in her individual capacity, in her capacity as representative of the estate, or in some other capacity. In a later section of her pleading, Morgan includes a section labeled "Answers to cross claims against . . . Wheeler" and her "co-conspirator Holly Jeanine Reycraft." (Doc. 18 at 7.) That same section alleges Wheeler "utilized Brandon as an uncompensated labor [sic]" and Reycraft "sexually exploit[ed] Brandon . . . at his funeral." (Doc. 18 at 7.) It does not appear Reycraft is intended as a defendant so allegations involving her appear irrelevant. More importantly, it is not clear why Morgan is filing "answers" to her own crossclaims against Wheeler.

Wheeler cannot be expected to respond to Morgan's unintelligible crossclaims and a more definite statement is required. "If the court grants a party's motion for a more definite statement, the court may allow leave to amend the pleading to make them consistent with the rules of pleading outlined in Federal Rules of Civil Procedure Rule 8." *Conta v. City of Huntington Beach*, No. 821CV01897JLSKES, 2022 WL 3574439, at *3 (C.D. Cal. June 22, 2022). Morgan must file an amended pleading and, if she does not, her crossclaims will be dismissed with prejudice. *See Shuhaiber v. Illinois Dep't of Corr.*, 980 F.3d 1167, 1170 (7th Cir. 2020) ("If a plaintiff does not comply with a reasonable order [requiring a more definite statement], a district court may dismiss the complaint with prejudice.").

Accordingly,

**IT IS ORDERED** the Motion for Leave to Deposit and Dismiss (Doc. 27) is **GRANTED**. Securian is permitted to deposit the Disputed Benefit, in the total sum of $88,833, with the Clerk of the Court, to be held in an interest-bearing account until further order of the court. This amount represents the $96,000 Disputed Benefit minus $7,167 for reimbursement of Securian's attorneys' fees and costs for the interpleader.

**IT IS FURTHER ORDERED** upon deposit of the Disputed Benefit, Securian shall be dismissed with prejudice from this action, without further order of the court.

**IT IS FURTHER ORDERED** upon deposit of the Disputed Benefit, Securian shall be discharged from further liability for the Disputed Benefit, and defendants Wheeler and Morgan shall be restrained and permanently enjoined from bringing any claim or action against Security for recovery of the Disputed Benefit or any part thereof, and Securian shall have no further liability for the Disputed Benefit beyond those monies paid into this court, which represents the total outstanding life insurance benefit due and owing minus an award of attorneys' fees and costs.

/

/

/

**IT IS FURTHER ORDERED** the Motion for More Definite Statement (Doc. 28) is **GRANTED**. No later than **November 2, 2026**, Anne Marie Henze Morgan shall file an amended answer and crossclaims. Failure to file an amended answer and crossclaims will result in dismissal of the crosscIaims with prejudice.

Dated this 20th day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**