**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Securian Life Insurance Company,

Plaintiff,

v.

Suzanne Marie Lambertson Wheeler, et al.,

Defendants.

No. CV-26-04381-PHX-KML

**ORDER**

On October 20, 2026, the court granted a motion for more definite statement and ordered defendant Anne Marie Henze Morgan to file an amended answer and crossclaims. (Doc. 31.) The court warned that failure to file an amended answer and crossclaims by November 2, 2026, would “result in the dismissal of the crossclaims with prejudice.” (Doc. 31 at 4.) Shortly after that order, the court discussed a document from Morgan titled “Claims/Response to Securian Life Insurance Impleader non-agreement.” (Docs. 32, 33.) The purpose of that document was not clear, but the court deemed it as procedurally improper and struck it from the docket. (Doc. 33.) In striking that document, the court reminded Morgan she needed to file her amended answer and crossclaims no later than November 2. (Doc. 33.)

On November 2, Morgan filed a document that is not an amended answer and counterclaims. (Doc. 35.) Instead, Morgan’s filing seeks “appropriate relief regarding preservation of insurance proceeds” as well as the production of documents from Securian Life Insurance Company. Neither request is appropriate and both are denied.

Beginning with the relief regarding the insurance proceeds, Morgan "requests clarification concerning the handling of the proceeds and consideration of an appropriate alternative that preserves the funds while the competing claims are resolved." (Doc. 35 at 3.) Morgan appears to misunderstand what has happened in this case and the current location of the disputed funds. Securian deposited the life insurance proceeds with the Clerk of Court (Doc. 34) and those proceeds will not be distributed until the court determines the appropriate recipient. There is no need for further action to "preserve[] the funds" until the conclusion of this case. Morgan's motion regarding the funds is denied.

Turning to Morgan's discovery requests, the scheduling order prohibits the parties from filing discovery motions. (Doc. 24 at 5.) If the parties have discovery disputes, they must comply with the court's discovery dispute procedures, also set forth in the scheduling order. (Doc. 24 at 5.) According to the response filed by Securian, it has already "produced its complete claim file" to Morgan. (Doc. 36 at 1.) But assuming Morgan is seeking court assistance regarding obtaining other documents, the court cannot provide her with legal advice as to how to do so. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) (providing legal advice to pro se litigants may "undermine district judges' role as impartial decisionmakers"). Morgan's discovery requests are denied.

Finally, Morgan's continued behavior risks the court entering judgment against her. At the start of this case, Morgan filed an improper motion to compel. (Doc. 12.) Morgan then sent documents directly to chambers, apparently attempting to have them filed in the case. (Docs. 14, 17.) The court ordered Morgan to stop sending documents to chambers, but she continued to do so. (Doc. 26.) Documents Morgan sent to chambers "contain[ed] a falsified ECF header indicating they were filed on August 31, 2026," so the court warned Morgan that "submitting documents containing any misrepresentations may result in sanctions, including entry of judgment against her." (Doc. 26.) Morgan then filed the document titled "Claims/Response to Securian Life Insurance Impleader non-agreement," which had no legal basis. (Docs. 32, 33.) And Morgan's latest filing is a baseless motion seeking to preserve funds and the production of documents, which once again appears to

contain a false ECF header. (Doc. 35.)

On August 19, 2026, the court warned Morgan that she "must follow the same rules of procedure that govern other litigants." (Doc. 14 at 2) (simplified). The court also warned Morgan that failure to comply with the governing rules of procedures could "result in sanctions, including the entry of judgment against her." (Doc. 14 at 2.) Those warnings did not deter Morgan. In general, the court must consider "lesser sanctions" when a party engages in misconduct. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 960 (9th Cir. 2006). Those sanctions may include monetary sanctions, although it is unclear whether monetary sanctions would be of any use in this case. *See Walker v. Ibarra*, No. 24-CV-08900 EJD (PR), 2026 WL 3259842, at *2 (N.D. Cal. Oct. 29, 2026) (monetary sanctions are "difficult, if not impossible" to enforce against certain individuals). Thus, Morgan is given a final warning that any further violations of court orders or procedures will result in the entry of judgment against her and the disbursement of the funds to Suzanne Marie Lambertson Wheeler.

On November 9, 2026, defendant Suzanne Marie Lambertson Wheeler filed a motion seeking to strike Morgan's answer and crossclaims. (Doc. 37.) Because the court is dismissing the crossclaims in this order, that portion of Wheeler's motion is moot. But Morgan must file a response addressing whether her answer should be stricken and whether the court should enter final judgment in favor of Wheeler. Failure to file a response by the deadline may be viewed as Morgan consenting to the granting of the motion. *See* D. Ariz. LR 7.2(i). Morgan is further reminded her response must be *received* by the Clerk's Office by the applicable deadline. (*See* Doc. 33.)

**IT IS ORDERED** Ann Marie Henze Morgan's crossclaims (Doc. 18) are **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** the Motion for Appropriate Relief (Doc. 35) is **DENIED**.

/

**IT IS FURTHER ORDERED** defendant Anne Marie Henze Morgan must respond to the Motion to Dismiss by the deadline established by rule.

Dated this 12th day of November, 2026.

Honorable Krissa M. Lanham
United States District Judge